Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| MELISSA A. SMALL, | Case No. 2-21-bk-02120-PS |
| | **TRUSTEE'S RECOMMENDATION** |
| | Deadline is July 26, 2021 |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

1) The Trustee notes that the Debtor filed a Chapter 7 bankruptcy on April 2, 2015, and received a discharge on July 13, 2015. Since it has been less than eight years between the filing of the Debtor's Chapter 7 bankruptcy and the filing of the Debtor's current Chapter 13, the Trustee reminds the Debtor that he is ineligible to convert his instant case to a Chapter 7 case and receive a discharge.

2) The Debtor's 2020 net federal and state tax refund is a non-exempt asset of the estate. The Trustee requires the Stipulated Order Confirming Plan to state the following: The Debtor is required to remit the 2020 net federal and state tax refund to the Trustee within 14 days of receipt as a supplemental payment to the plan. The 2020 net tax refunds will be disbursed, first for the

benefit of unsecured priority creditors and any remaining funds will be disbursed for the benefit of general unsecured creditors as a supplemental payment.

3) Other requirements:

(A) However, when a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the 13documents.com website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, pay stubs, and so on.

(B) The attorney's is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(E) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(F) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(G) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and

provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(H) The order confirming plan to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2020-2025 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.13documents.com.

(I) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(J) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(K) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: The Debtor's interim payments of $340.00 each are current through due date May 24, 2021. Subsequent payments are due each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as

plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! And follow the instructions.

SUMMARY: Pursuant to Local Rule 2084-10(b), by July 26, 2021, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

MELISSA A. SMALL
1656 WEST CAMPO BELLO DRIVE
PHOENIX, AZ 85023

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4131 MAIN STREET
SKOKIE, IL 60076-2780
TOM@NWRELIEF.COM

_____
Dawn M. Smith - Case Analyst
dsmith@ch13bk.com

- 4 -